UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUANITA STOCKWELL, et al.,

    Plaintiffs,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

_____/

No. C 08-5180 PJH

**ORDER GRANTING IN PART AND DENYING IN PART LEAVE TO AMEND AND GRANTING MOTION TO WITHDRAW**

Plaintiffs' motions for leave to amend and to withdraw as counsel came on for hearing before this court on December 8, 2010. The named representative plaintiffs, on behalf of the putative plaintiff class, and other individual named plaintiffs (collectively "plaintiffs"), appeared through their counsel, Michael S. Sorgen. Defendant City and County of San Francisco (the "City" or "defendant") appeared through its counsel, Jonathan Rolnick. Having read the parties' moving papers and supplemental letter briefs submitted and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS in part and DENIES in part plaintiffs' motion for leave to amend, and GRANTS the motion to withdraw as counsel, for the reasons stated at the hearing, and summarized as follows.

    1.    Plaintiffs' motion for leave to file a second amended complaint, for the purposes of narrowing the complaint, and in order to dismiss all disparate treatment claims asserted by plaintiffs', is GRANTED. Plaintiffs' claims under the California Fair Employment and Housing Act ("FEHA") and the Age Discrimination in Employment Act ("ADEA"), to the extent based on a disparate treatment theory, are therefore dismissed with prejudice.

2. Based upon plaintiffs' December 15, 2010 communication to the court, the court furthermore DISMISSES with prejudice the disparate impact claims asserted by the following plaintiffs who fall outside the putative class: plaintiffs Canales, Jackson, Lyons, McKevitt, Riggle, Sung, Suslow, and Valdez.

3. With respect to the twenty-five plaintiffs who assert individual disparate impact claims against defendant, plaintiffs' request for leave to amend its complaint in order to dismiss these claims without prejudice is DENIED. As the court stated at the hearing on plaintiffs' motion, defendant's concerns regarding its exposure to additional litigation in light of the court's dismissal of plaintiffs' claims without prejudice and a subsequent denial of class certification, are valid. For that reason, the court indicated that if the parties could stipulate to a dismissal of the plaintiffs' disparate impact claims with prejudice – subject to the exception that all plaintiffs' claims could proceed as part of the putative class if a class were eventually certified – the court would be amenable to such dismissal. However, the parties now having informed the court that no such agreement was possible, the court therefore denies plaintiffs' request. The twenty-five individual plaintiffs' claims, to the extent premised on a disparate impact theory, remain in the case.

3. The motion brought by the Law Offices of Michael S. Sorgen and Hoyer and Associates, to withdraw as counsel of record for named plaintiff Anthony Johnson, is GRANTED.[1] The court finds good cause for counsel's withdrawal, in view of Johnson's express disagreement with counsel's analysis of the case, his statement to counsel that he was seeking the advice of an alternate attorney, and his continual failure to respond to any of counsels' communications. See Dec. 10, 2010 Declaration of Ryan L. Hicks re Mot. Withdraw; see also Cal. Rule of Professional Conduct 3-700(C)(1)(d) (allowing for attorney withdrawal where the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively..."). The court also finds that plaintiffs'

---

[1] Counsel clarified at the hearing on this matter that it no longer seeks to withdraw from its representation of plaintiff Malcolm Fong. Accordingly, the motion to withdraw as to plaintiff Fong is MOOT.

counsel has made all reasonable attempt to provide notice of its request for withdrawal to Johnson in a timely manner.  See id., ¶¶ 3, 5-6, Exs. 1-3; Civ. L. R. 11-5(a)(requires that notice of withdrawal be given "reasonably in advance to the client and to all other parties who have appeared in the case").

Because the request to withdraw is not accompanied by a simultaneous appearance of substitute counsel or Johnson's agreement to appear pro se, see Civ. L. R. 11-5, the court by separate order instructs Mr. Johnson to appear for a further case management conference in the action, at which time the court will address the issue of plaintiff's representation.

Plaintiffs' corresponding request for leave to amend in order to sever the claims asserted by plaintiff Johnson is also DENIED, in view of the foregoing ruling and Johnson's right to be heard on this issue before the request can be granted.

**IT IS SO ORDERED.**

Dated: January 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge